**HUNTON ANDREWS KURTH LLP**
MICHELE J. BEILKE (State Bar No. 194098)
mbeilke@HuntonAK.com
JULIA Y. TRANKIEM (State Bar No. 228666)
jtrankiem@HuntonAK.com
STEVEN A. MORPHY (State Bar No. 313275)
smorphy@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

*Attorneys for Defendants*
ABBOTT RAPID DX NORTH AMERICA, LLC
(*erroneously sued as* ALERE NORTH AMERICA, INC.),
ALERE INC., and ABBOTT LABORATORIES, INC.

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
08/26/2021 at 11:34:00 AM
Clerk of the Superior Court
By Elizabeth Reyes, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| GEORGE CASTILLO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALERE NORTH AMERICA, INC., a Delaware corporation; ALERE, INC., a Delaware corporation; ABBOTT LABORATORIES, INC., an Illinois corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 37-2021-00022335-CU-OE-CTL<br><br>*Assigned to the Hon. Keri Katz, Dept. C-74*<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed:  May 20, 2021<br>Trial Date:            None Set |

Defendants Abbott Rapid Dx North America, LLC (erroneously sued as Alere North America, Inc.) ("Rapid Dx"), Alere Inc. ("Alere"), and Abbott Laboratories, Inc. ("Abbott"; collectively, "Defendants"), hereby collectively respond to the unverified Class Action Complaint for Damages of Plaintiff George Castillo ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants deny, generally and specifically, each and every allegation contained in the Complaint. Defendants further deny, generally and specifically, that Plaintiff has been damaged in any sum therein alleged, or any other sum at all, by reason of any act, breach or omission by Defendants, and that Plaintiff is entitled to any relief or damages of any kind or amount against Defendants.

Without waiving or excusing the burdens of proof and production of evidence on Plaintiff, or admitting that Defendants have any burden of proof, Defendants hereby assert the following affirmative defenses and/or other defenses:

## AFFIRMATIVE AND/OR OTHER DEFENSES

Without waiving or excusing the burden of proof on Plaintiff's causes of action, or admitting that Defendants have any burden of proof, Defendants hereby assert the following affirmative defenses and/or other defenses:

## FIRST DEFENSE

(Failure to State a Cause of Action)

1. Defendants allege, based on information and belief, that the Complaint, and each purported cause of action set forth therein, fails to allege facts sufficient to constitute a cause of action against Defendants.

## SECOND DEFENSE

(Statute of Limitations)

2. Defendants allege, based on information and belief, that Plaintiff's claims, or portions thereof, are barred by the applicable statutes of limitations, including but not limited to those set forth in California Labor Code Section 203, California Code of Civil Procedure Sections 338, 340 and 343, and California Business and Professions Code Section 17208.

### THIRD DEFENSE

(Equitable Defenses)

3. Defendants allege, based on information and belief, that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, under the equitable doctrines of waiver, unclean hands, laches, ratification, estoppel, and/or consent to the extent some members of the putative class have entered settlement or severance agreements with Defendants waiving claims under the California Labor Code, and/or to the extent Plaintiff or members of the putative class engaged in misconduct to alter or falsify company records related to time worked.

### FOURTH DEFENSE

(No Willful Violations)

4. In connection with each and every cause of action asserted in Plaintiff's Complaint, Defendants allege that an award of penalties or fees is not appropriate because any actions taken by Defendants were at all times taken in good faith and do not constitute knowing, intentional, or willful violations of the law to justify an award of penalties or fees.

### FIFTH DEFENSE

(Good Faith Dispute)

5. In connection with claims asserted under the Labor Code, including Plaintiff's first, second, third, fourth, fifth, sixth, seventh, and/or eighth cause(s) of action, as well as the ninth cause of action under the Unfair Competition Law, Defendants allege, based on information and belief, that a reasonable good faith dispute existed as to whether Defendants owed any amounts to Plaintiff, or to any other putative class members purportedly similarly situated.

### SIXTH DEFENSE

(Substantial Compliance)

6. In connection with claims asserted under the Labor Code, including Plaintiff's first, second, third, fourth, fifth, sixth, seventh and/or eighth cause(s) of action, Defendants allege, based on information and belief, that even assuming that Defendants failed to comply with any provisions of the Labor Code, which they did not, Defendants substantially complied with the Labor Code.

**SEVENTH DEFENSE**

(Failure to Exhaust Remedies)

7. In connection with each and every cause of action asserted in Plaintiff's Complaint, Defendants allege, based on information and belief, that Plaintiff has failed to properly exhaust all of the contractual, administrative, and/or statutorily required remedies prior to filing suit.

**EIGHTH DEFENSE**

(Failure to Satisfy Requirements of a Class Action)

8. In connection with each and every cause of action asserted in Plaintiff's Complaint, Defendants allege that Plaintiff is barred from maintaining this case on behalf of a putative class because he has failed to adequately plead and cannot establish the necessary elements for class action treatment, and certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of due process rights, both substantive and procedural, in violation of the Fourteenth Amendment of the United States Constitution and the California Constitution.

**NINTH DEFENSE**

(No Standing)

9. In connection with each and every cause of action asserted in Plaintiff's Complaint, Defendants allege, based on information and belief, that Plaintiff lacks standing to bring claims against Defendants on behalf of himself or other putative class members purportedly similarly situated.

**TENTH DEFENSE**

(Lack of Manageability)

10. Plaintiff is barred from pursuing this Complaint, and each purported cause of action contained therein, on anything other than an individual basis, because it is not manageable and would not serve the interests of judicial economy.

**ELEVENTH DEFENSE**

(Speculative Damages)

11. In connection with each and every cause of action asserted in Plaintiff's Complaint, Defendants allege, based on information and belief, that Plaintiff and/or putative class member(s) are barred from recovering damages because those damages are speculative and uncertain, and any award

would constitute unjust enrichment. Defendants further allege, based on information and belief, that the amount of damages sought by Plaintiff on behalf of himself and on behalf of a putative class cannot be calculated with reasonable certainty by or through individualized or representative testimony and, to the extent Plaintiff seeks compensation for time worked that is not reflected in Defendants' records and not reflected in documentary records created contemporaneously with the time allegedly worked by Plaintiff and/or putative class members, both the amount of time allegedly worked and the compensation allegedly owed could be determined only through improper speculation or guesswork.

### TWELFTH DEFENSE

(*De Minimis* Time)

12. Defendants allege, based on information and belief, that to the extent Plaintiff or persons similarly situated were not paid for all hours worked for Defendants, such unpaid time was *de minimis* and, therefore, not compensable.

### THIRTEENTH DEFENSE

(Lack of Injury)

13. Defendants allege, based on information and belief, that the purported causes of action are barred, in whole or in part, because Plaintiff and/or the putative class members did not suffer any actual injury as a result of a knowing and intentional violation.

### FOURTEENTH DEFENSE

(Paid All Sums)

14. In connection with each and every cause of action asserted in Plaintiff's Complaint, Defendants allege, based on information and belief, that the purported cause(s) of actions are barred in whole or in part to the extent that Defendants have paid all money due to Plaintiff and/or the putative class members.

### FIFTEENTH DEFENSE

(Offset)

15. In connection with each and every cause of action asserted in Plaintiff's Complaint, Defendants allege, based on information and belief, that certain amounts sought to be recovered in this action are subject to offset and, therefore, are barred in whole or in part.

**SIXTEENTH DEFENSE**

(Noncompensable Work – Suffer & Permit)

16. Defendants allege that Plaintiff's claims for unpaid wages, including minimum wage and overtime, are barred to the extent Plaintiff seeks to recover wages for work that Defendants did not suffer or permit Plaintiff and/or the putative class members to perform, to the extent that Plaintiff seeks to recover wages for work that was not performed while under the direction and control of Defendants, and/or to the extent that Plaintiff and/or the putative class members worked without Defendants' actual or constructive knowledge.

**SEVENTEENTH DEFENSE**

(Noncompensable Time)

17. Defendants allege that Plaintiff, and the purported class he seeks to represent, are barred from relief to the extent the time for which they seek compensation does not, in whole or in part, constitute compensable working time.

**EIGHTEENTH DEFENSE**

(Inadvertence or Clerical Error)

18. Defendants alleges that Plaintiff's claim for failure to provide properly itemized wage statements is barred because Defendants did not knowingly or intentionally fail to provide accurate and properly itemized statements, and any failure of Defendants to provide such wage statements was inadvertent or due to a clerical error.

**NINETEENTH DEFENSE**

(No Harm or Injury – Itemized Wage Statements)

19. Defendants allege that Plaintiff's claim for failure to provide properly itemized wage statements is barred because Plaintiff and/or the putative class members have suffered no harm or injury based on Defendants' alleged failure to provide properly itemized wage statements.

**TWENTIETH DEFENSE**

(Multiple Recovery)

20. In connection with each and every cause of action asserted in Plaintiff's Complaint, Defendants allege, based on information and belief, that the claims of Plaintiff (and the other

individuals he seeks to represent) are barred in whole or in part to the extent that Plaintiff seeks multiple recovery for the same alleged wrong or wrongs.

### TWENTY-FIRST DEFENSE

(Unjust Penalties)

21. Defendants allege, based on information and belief, that to the extent Plaintiff seeks to recover penalties, any such award would be improper as unjust, arbitrary, oppressive or confiscatory because the penalties sought by Plaintiff would, among other things, benefit only private parties, the relative seriousness of Defendants' alleged conduct does not merit penalties, and penalties are not required to protect the public or deter future misconduct when considering all facts and circumstances of the case including, but not limited to, Defendants' longstanding and serious efforts to comply with the requirements of the Labor Code and to cure promptly any alleged violations once notified thereof. Defendants also allege, based on information and belief, that the amount of penalties Plaintiff seeks to recover may exceed Defendants' ability to pay.

### TWENTY-SECOND DEFENSE

(Excessive Fines)

22. Defendants allege that Plaintiff's claims violate the Fifth, Fourteenth, and Eighth Amendments to the United States Constitution and Article 1, sections 8 and 17 of the California Constitution regarding the prohibition of excessive fines.

### TWENTY-THIRD DEFENSE

(Violation of Due Process)

23. In connection with each and every cause of action asserted in the Complaint, Defendants allege that their due process rights would be violated if Plaintiff is allowed to adjudicate the claims of other putative class members without first establishing that the claims or defenses of Plaintiff are typical of the claims or defenses of the other putative class members Plaintiff purports to represent, or without first establishing that there are common questions of law and fact to all of the putative class members whom Plaintiff purports to represent.

## TWENTY-FOURTH DEFENSE

(Avoidable Consequences)

24. Defendants allege, based on information and belief, that Plaintiff and members of the putative class failed to take reasonable advantage of available procedures available to prevent and correct any alleged wage and hour violations. Accordingly, Plaintiff's damages claims are barred, in whole or part, by the avoidable consequences doctrine.

## TWENTY-FIFTH DEFENSE

(Causation)

25. Defendants allege that Plaintiff's damages, if any, are the proximate result of independent, intervening, or superseding causes, including, without limitation, the conduct of Plaintiff or others, for which or whom Defendants was and is not responsible. Therefore, Plaintiff's damages and/or the putative class members' damages, if any, are unrelated to any conduct on the part of Defendants and the Court must reduce or deny any judgment rendered against Defendants, accordingly.

## TWENTY-SIXTH DEFENSE

(Safe Harbor)

26. In connection with the ninth cause of action asserted in the Complaint, Plaintiff's claims are barred in whole or in part because of Defendants' compliance with all applicable laws, statutes, and regulations, said compliance affording Defendants a safe harbor to any claim under California Business and Professions Code Sections 17200 *et seq*.

## TWENTY-SEVENTH DEFENSE

(Res Judicata/Collateral Estoppel)

27. In connection with each and every cause of action asserted in the Complaint, Defendants allege, upon information and belief, that the Complaint is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel as to others who are purportedly similarly situated to Plaintiff to the extent their claims have been adjudicated in other proceedings.

**TWENTY-EIGHTH DEFENSE**

(California Labor Code § 2856)

28. Defendants allege, upon information and belief, that Plaintiff and/or putative class members failed to substantially comply with all directions of their employer(s) concerning the service in which they were engaged, as required by California law. Specifically, Defendants allege, upon information and belief, that Plaintiff and/or putative class members failed to accurately report their hours worked as instructed by Defendants' policies, practices, and supervisors' directions; failed to submit accurate corrections to time records when needed; failed to inform company managers that employees allegedly performed work off-the-clock, were not provided meal periods and/or rest breaks, or were not provided timely wages during or at the termination of employment; and allegedly incurred expenses without seeking reimbursement therefore as directed by company policy and practices.

**TWENTY-NINTH DEFENSE**

(Accord and Satisfaction)

29. The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part to the extent they have been settled, released, and/or subject to an accord and satisfaction.

**THIRTIETH DEFENSE**

(No Employment Relationship)

30. Plaintiff's claims are barred, in whole or in part, because there was no employment relationship between Defendants, on the one hand, and Plaintiff and/or the putative class members, on the other hand. In particular, Defendants, upon information and belief, allege Plaintiff had no employment relationship with Abbott or Alere and, as such, all claims against these two defendants are barred. Thus, Plaintiff lacks standing to bring claims against Abbott and Alere, either in his individual capacity or on behalf of a class of Abbott and Alere employees.

//

//

//

**THIRTY-FIRST DEFENSE**

(Adequate Remedy at Law)

31. Plaintiff's request for declaratory relief, injunctive relief, restitution, and/or any other equitable relief fails because Plaintiff, or the persons he purports to represent, have adequate remedies at law.

**THIRTY-SECOND DEFENSE**

(Vague/Ambiguous/Unintelligible)

32. In connection with each and every cause of action asserted in the Complaint, Plaintiff's claims are barred, in whole or in part, because the allegations of the Complaint are vague and ambiguous, and wholly unintelligible.

**THIRTY-THIRD DEFENSE**

(Unjust Enrichment)

33. In connection with each and every cause of action asserted in the Complaint, Defendants allege, based on information and belief, that the claims of Plaintiff (and the employees he seeks to represent) are barred to the extent that any award in this action would constitute unjust enrichment.

**THIRTY-FOURTH DEFENSE**

(Prejudgment Interest)

34. Defendants allege, based on information and belief, that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**THIRTY-FIFTH DEFENSE**

(Preliminary or Post-liminary Activities)

35. Assuming, *arguendo*, that Plaintiff and the putative class members are entitled to any compensation for overtime, any time spent performing any preliminary or post-liminary activities must be excluded from any calculation of compensable work hours, as such time is not compensable.

## THIRTY-SIXTH DEFENSE

(Practice Not Unfair)

36. The claims of Plaintiff (and the employees he seeks to represent) are barred because Defendants' business practices were not unfair within the meaning of Business and Professions Code §§ 17200, *et seq*. The utility and benefits of Defendants' conduct outweighed whatever alleged harm or impact it may have had on Plaintiff or other putative class members.

## THIRTY-SEVENTH DEFENSE

(Claims Subject to Arbitration)

37. Defendants allege that the Court lacks jurisdiction over the claims of Plaintiff and/or other putative class members to the extent Plaintiff or other putative class members have entered into arbitration agreements to arbitrate the claims at issue in this case.

## THIRTY-EIGHTH DEFENSE

(No Entitlement to Attorneys' Fees)

38. Plaintiff (and the putative class employees he seeks to represent) are not entitled to attorneys' fees, in particular in connection with the third and fourth causes of action for alleged meal and rest break violations, as such fees are not provided pursuant to any statute for such claims.

## ADDITIONAL AFFIRMATIVE AND/OR OTHER DEFENSES

Defendants reserve the right to amend this Answer to assert additional affirmative and/or other defenses and/or supplement, alter, or change this Answer as may be warranted by the revelation of information during discovery and investigation.

## PRAYER

WHEREFORE, Defendants request that judgment be entered as follows:

1. That Plaintiff take nothing by this action;
2. That the Court deny Plaintiff's request to certify this action as a class action;
3. That the Complaint be dismissed in its entirety with prejudice;
4. That judgment be entered in favor of Defendants and against Plaintiff;
5. That Defendants be awarded their costs of suit;
6. That Defendants be awarded their attorneys' fees incurred herein; and

7. That the Court award Defendants such other and further relief as the Court may deem just and proper.

DATED: August 26_, 2021

HUNTON ANDREWS KURTH LLP

By: _____
Michele J. Beilke
Julia Y. Trankiem
Steven A. Morphy
*Attorneys for Defendants*
ABBOTT RAPID DX NORTH AMERICA, LLC, ALERE, INC., and ABBOTT LABORATORIES, INC.

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

11
DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071-2627.

On August 26, 2021, I served the foregoing document(s) described as **DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties in this action:

| | |
|---|---|
| James R. Hawkins<br>Christina M. Lucio<br>**JAMES HAWKINS APLC**<br>9880 Research Drive, Suite 200<br>Irvine, California 92618 | *Attorneys for Plaintiff GEORGE CASTILLO*<br><br>james@jameshawkinsaplc.com<br>christina@jameshawkinsaplc.com<br>Telephone: (949) 387-7200<br>Facsimile: (949) 387-6676 |

☐ **By FAX:** by causing a true copy thereof to be sent via facsimile to the attorney(s) of record at the telecopier number(s) so indicated above and that the transmission was reported as completed and without error.

☒ **By MAIL:** by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

☐ **By PERSONAL SERVICE:** I delivered the envelope by hand on the addressee, addressed as stated above.

☐ **By OVERNIGHT MAIL:** by overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

☐ **By ELECTRONIC MAIL:** by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 26, 2021, Los Angeles, California.

Connie Torres